†ADALIA M. TULLIS V. STEPHEN PIERANO ET AL.

1. FORFEITED LAND SALE DIVESTS WIFE OR WIDOW OF DOWER.

Under the statutes of Ohio, where land has been duly forfeited to the state for the non-payment of the tax, interest and penalty thereon, and is afterwards legally sold at the sale of forfeited lands during the life of the owner, such sale operates to divest the widow of the owner thereof at the time such sale, of any dower right she might have had therein, inchoate. or perfect, and the purchaser at such sale takes it free from any such right of the widow.

2. SUBSEQUENT PURCHASE OF SAME BY HEIRS DOES NOT REINVEST WIDOW WITH DOWER.

A subsequent purchase of such real estate from the purchaser at such tax sale (as distinguished from a redemption thereof), by the heirs at law of the person who owned the same at the time of the sale thereof for taxes, does not operate to reinvest the widow of such owner with the dower interest therein which she had before lost, by reason of such tax sale.

APPEAL from the Court of Common Pleas of Hamilton county.

SMITH, J.

This cause comes into this court by appeal from the court of common pleas, and was heard on a general demurrer to the petition of the plaintiff.

---

†Affirmed by the Supreme Court, without report, December 7, 1897.   5⁷ O. S., 661.

It was filed by Mrs. Tullis against Pierano, Edward Schwab, and the Butchers' and Drovers' Loan and Building Co.

It averred that she is the widow of Andrew J. Tullis, deceased, who died intestate on the — day of ———. During their coverture, it is averred that said A. J. Tullis was siezed of certain real estate in this city, described in the petition, the title to which he derived by deed from D. J. Tullis, executed October 2, 1869. That by said deed, D. J. Tullis, in consideration of love and affection, and $1———, did grant, bargain, sell and convey to said A. J. Tullis, in trust for his bodily heirs forever, said real estate, "to have and to hold the same to the only proper use of said A. J. Tullis during his lifetime, but in no event to be conveyed or disposed of by him, but enjoyed and by him firmly and faithfully held in trust for the sole use of his bodily heirs forever," and said grantor also covenanted, "with the said Andrew J. Tullis in trust for his bodily heirs, that he was the owner and had power to convey, and that the title was clear.

The said A. J. Tullis also duly acquired by conveyance for a valuable consideration, a release of the dower of the widow of said D. J. Tullis in said property.

It was further alleged by amendment to the petition, that in January, 1881 (D. J. Tullis having received his deed in 1869), the said property was offered for sale by the treasurer of Hamilton county for the taxes assessed and unpaid, with the penalty of the year 1879, and the taxes assessed and due for the year 1880, and was not sold and became forfeited to the state of Ohio, and that on January —, 1881, said property was sold at tax sale to T. C. Schwartz for $83.15, and on November 8, 1882, the auditor of Hamilton county conveyed the premises by deed to Schwartz, the owner of the certificate of tax sale, which deed was duly recorded. On April 23, 1889. Schwartz in consideration of $1.00 conveyed the premises by quitclaim deed to Albert E. Tullis, Amalia R. Milam and P. M. Tullis, the sole issue, and heirs at law of A. J. Tullis, deceased.

The date of the death of A. J. Tullis is not stated in the petition, but it is conceded that it took place in 1884, ten years after the tax sale.

The petition further avers that on April 5, 1889, two of such heirs mortgaged their undivided two-thirds of such estate to the defendant company for $1,000. Mrs. A. J. Tullis was not a party to this. On February 1, 1890, said company commenced a suit to foreclose such mortgage, making the mortgagors and the plaintiff parties defendant, and summons was duly served, but no relief was asked against plaintiff, nor was she mentioned in the body of the petition or in any pleading. Under this proceeding the court ordered a sale of the mortgaged property, and defendant Schwab became the purchaser, and afterwards by subsequent purchase from the other heir, Schwab became the owner of her undivided one-third.

The plaintiff avers that, as such widow, she is entitled to dower in the whole of said premises, and asks that it be assigned.

We have not deemed it necessary to consider the question whether, under the rule in Shelly's case, Andrew J. Tullis, under the conveyanec made to him in 1869, took an estate in fee-simple, or in fee-tail. If he took either, were it not for the sale of the land in 1881 for the taxes upon it, on his death in 1884, his widow would have been entitled to dower therein, and we are of the opinion that the foreclosure proceedings mentioned in the petition, under the allegations therein made, did not operate

to divest her of her dower in the undivided two-thirds of the real estate sold in such proceeding.

Conceding, then, that Tullis was the owner of the land in fee-simple or fee tail, what was the effect upon the inchoate dower of the wife, of the sale of the real estate so held by him during his life for the taxes which had accrued thereon while he so owned it?

Section 2899, Rev. Stat., provides that "every tract of land and town lot offered for sale by the treasurer, as hereinbefore provided, and not sold for want of bidders, shall be, and the same is hereby declared to be forfeited to the state; and thenceforth all the right, title, claim and interest of the former owner or owners thereof shall be considered as transferred to and vested in the state." This forfeiture took place as averred in January, 1881, and no redemption having been made, as provided by sec. 2900, Rev. Stat., it was sold at the next sale of forfeited lands, probably in December, 1881, though there is some ambiguity or doubt as to the time on the allegations of the petition.

Section 2910, Rev. Stat., provides "that the purchaser of any such" (forfeited) "lands, his heirs or assigns, shall from the day of such purchase be taken in all courts as the assignee of the state of Ohio." This land not having been redeemed, a deed therefor was issued to the purchaser at such sale.

If this was a valid sale of the land for taxes (and no question as to this is made in the petition), it would seem clear under the decision in Jones v. Devere, 8 Ohio St., 430, that it barred all right of dower of Mrs. Tullis therein, inchoate or perfect, and that Schwab, the purchaser, took it wholly released from any interest of Mrs. Tullis or any former owner.

What was the effect of the conveyance by Schwartz, the purchaser, at the tax sale, to the three children of A. J. Tullis in 1889? Did this restore the dower right of Mrs. Tullis? If their father was the owner of the property in fee-simple at the time the taxes were assessed against the property, and when it was sold, he alone had the right to redeem.

The children had no interest in it, and were not bound to pay the taxes or redeem it. If, however, the rule in Shelly's case did not apply, and he was tenant in tail with the remainder in his bodily issue, (which, however, is not the claim of the plaintiff) they had some interest in the estate, and we suppose might have redeemed it. But they did not do so, but seven years after, according to the averments of the petition, purchased the property. Did this operate to invest the widow with the dower which she had lost?

We are of the opinion that it did not. There certainly is a class of cases, one of which is Clark v. Lindsey, 47 Ohio. St , 437, to the effect that where lands are held by two or more tenants in common, and the taxes are allowed to become delinquent, and the property is sold for the taxes, and purchased by one or more of the tenants in common, or by some one for them, that this will operate to the benefit of all the tenants in common, they being liable for their just proportion of the costs and expense of the purchase. This we understand to be founded on the principle that all are liable for the payment of the taxes, and while one of them holds his interest in severalty, yet his interest is so far identical with his cotenants' interest that in all matters affecting the estate he will be acting for them as well as for himself, and in such case he will be held as a trustee for all the cotenants. But this rule seems to be limited to cases of cotenants, and it is very doubtful whether it can be extended to a per-

son who at the time of the sale had an inchoate right of dower. We see no case which goes so far.

But that is not this case. The plaintiff in no event was a cotenant with the children of A. J. Tullis at any time. Nor were the children of A. J. Tullis the purchasers at the tax sale. If it was a valid sale, all of the rights of Tullis, his wife and children passed to the purchaser at the tax sale. It was never redeemed by any of them under the terms of the statute. Eight years after the sale, the children purchased, as they had a right to, from a person who had the absolute title. We think the principle referred to does not apply to such a case. The demurrer to the petition will therefore be sustained.

*Bates & Speigel*, for plaintiff.

*Henry Hooper*, and *J. E. Bruce*, for defendants.